661 So.2d 1216 (1995)
Robert ATTWOOD, Petitioner,
v.
Harry K. SINGLETARY, Respondent.
No. 86499.
Supreme Court of Florida.
October 26, 1995.

ORDER
PER CURIAM.
Robert Attwood petitions this Court for a writ of habeas corpus challenging the sentence he is presently serving at Martin Correctional Institution and gain time lost.[1] We have jurisdiction pursuant to article V, section 3(b)(9) of the Florida Constitution.
Including this petition, Attwood has no less than fourteen petitions pending before this Court. This Court has determined that all of Attwood's other pending petitions are without merit and we have directed our Clerk to issue orders, contemporaneous with the issuance of this decision, denying them. Likewise, we find this petition to be without merit.
Attwood has not only burdened this Court, but also he has inundated other courts of this state, both trial and appellate, with frivolous petitions and appeals. Attwood has filed more than a hundred frivolous petitions and appeals in the appellate courts of this state in the past year. Attwood's proclivity for flooding the courts of this state with frivolous petitions and appeals cannot go unabated. The resources of our court system are finite and must be reserved for the resolution of genuine disputes.
On October 11, 1995, in response to this petition for writ of habeas corpus, this Court ordered Attwood to show cause why he should not be barred from filing any more civil petitions and appeals in this Court unless signed by a member of The Florida Bar. Attwood's response to this Court's order to show cause is, at best, disingenuous. Attwood insists that the myriad of petitions and appeals he has filed throughout the state have merit and that he has therefore not abused the judicial system. Further, Attwood contends that neither this Court nor any other court can require that his appeals and petitions be signed by an attorney. Stated otherwise, Attwood suggests he has *1217 an unfettered right to proceed pro se. We disagree.
The Fourth District Court of Appeal has already directed its clerk of court to reject all civil petitions and appeals filed by Attwood unless "accompanied by the proper filing fee or submitted and signed by a member of the Florida Bar." Attwood v. State, 660 So.2d 358, 359 (Fla. 4th DCA 1995). Similarly, the Second District Court of Appeal has already directed its clerk of court to reject all civil petitions and appeals filed by Attwood unless signed by a member of The Florida Bar. Attwood v. Singletary, 659 So.2d 1127 (Fla. 2d DCA 1995). These orders are not without precedent. See, e.g., Martin v. Marko, 651 So.2d 819 (Fla. 4th DCA 1995); Lowery v. Kaplan, 650 So.2d 114 (Fla. 4th DCA 1995); Birge v. State, 620 So.2d 234 (Fla. 1st DCA 1993); Jenkins v. Singletary, 580 So.2d 905 (Fla. 4th DCA 1991); Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA), review denied, 440 So.2d 353 (Fla.), and review denied, 441 So.2d 632 (Fla. 1983), cert. denied, 465 U.S. 1069, 104 S.Ct. 1422, 79 L.Ed.2d 747, and cert. denied, 465 U.S. 1107, 104 S.Ct. 1612, 80 L.Ed.2d 141 (1984); Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964); see also Day v. Day, ___ U.S. ___, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).
Attwood has filed no less than forty-five cases with this Court in the past year. Moreover, Attwood has deluged our Clerk's office with incomprehensible correspondence. In fact, in the week following the issuance of this Court's order to show cause, our Clerk's office has continued to receive petitions and correspondence from Attwood. We find that Attwood's pro se activities before this Court have substantially interfered with the orderly process of judicial administration, and we therefore exercise our inherent authority to prevent abuse of the judicial system.
This order should not be construed as a diminution of our support for the principle of free access to the courts. To the contrary, this order furthers the right of access because it permits us to devote our finite resources to the consideration of legitimate claims of persons who have not abused the process.
Accordingly, we deny Attwood's petition for writ of habeas corpus and direct the Clerk of this Court to reject for filing any civil petitions and appeals therefrom unless signed by a member of The Florida Bar.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Attwood is serving a five-year sentence for his fourth conviction for driving under the influence.