817 So.2d 838 (2002)
William E. PETERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-747.
Supreme Court of Florida.
May 9, 2002.
William E. Peterson, pro se, Wewahitchka, FL, for Petitioner.
*839 No Appearance for Respondent.
PER CURIAM.
William E. Peterson petitions this Court for writ of mandamus. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const. We grant Peterson's motion for leave to proceed in forma pauperis. However, for the reasons set forth below, we deny the petition and impose sanctions against Peterson for his continued abuse of the judicial system.
Like the vast majority of Peterson's filings, the instant petition for writ of mandamus is conclusory and facially insufficient. Over the years Peterson has filed a large number of facially insufficient pro se writ petitions as well as pleadings that improperly sought to invoke the jurisdiction of this Court.[1] For that reason, on *840 May 29, 2001, this Court issued an order to Peterson requiring that he show cause why, as a sanction for abusing the judicial system, this Court should not reject for filing any facially insufficient or frivolous filings and place them in an inactive file with no further action taken. The Court also ordered Peterson to show cause why any current facially insufficient or frivolous petitions should not be immediately dismissed.
Peterson's response to that order was equally incomprehensible. Like most of his pleadings, Peterson's response was conclusory in nature and full of abstract references to state and federal constitutional and statutory provisions with no mention of how these provisions relate to his own case. Peterson's response only serves to confirm the statement made by this Court in the order to show cause that Peterson's filings are "frivolous, incomprehensible [and] facially insufficient." Peterson's writ petitions generally consist of a one-page document making conclusory statements that his constitutional rights have been violated. Peterson rarely provides any facts or explanation as to how these rights have been violated and thus they generally have been deemed insufficient. Although Peterson's filings have usually been disposed of without the need for a response, due to the sheer number of filings and the fact that they are nearly illegible, in disposing of these frivolous petitions, this Court has been forced to spend a significant amount of its time time that could have been spent analyzing petitions with potential merit.
This Court has a responsibility to ensure every citizen's right of access to the courts. To further that end, on occasion, this Court has had to limit the filings of individuals who have "deluged [the] Clerk's office with incomprehensible correspondence," and filed multiple frivolous petitions. Attwood v. Singletary, 661 So.2d 1216, 1217 (Fla.1995). In limiting Attwood's filings, the Court noted that such action did not violate the constitutional right of access to the courts:
This order should not be construed as a diminution of our support for the principle of free access to the courts. To the contrary, this order furthers the right of access because it permits us to devote our finite resources to the consideration of legitimate claims of persons who have not abused the process.
Id. Like the individual in Attwood, Peterson has abused the processes of this Court with his constant meritless filings. A limitation on Peterson's ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others. See generally In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (finding that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources").
Another court has already had to impose limitations on Peterson. On August 24, 1988, the First District concluded in Peterson v. State, 530 So.2d 424, 425 (Fla. 1st DCA 1988), that
there is irrefutable evidence before us that appellant has no understanding of the appellate process and, further, that he is unwilling or unable to acquire such *841 knowledge. Instead, he is content to place a substantial burden on the resources of this court by his persistent filing of notices of appeal, petitions for extraordinary writ, and pleadings, all of which produce no meaningful result.
After issuing an order to show cause, the First District barred Peterson from filing any more appeals or petitions in that court without an attorney.
This Court now finds itself in a similar predicament as that faced by the First District. Consequently, this Court exercises its inherent authority to prevent the abuse of the judicial system. Accordingly, we hereby deny Peterson's petition for writ of mandamus and henceforth this Court will not accept from Peterson for filing any pleadings, petitions, motions, documents, or other filings that are facially insufficient or incomprehensible and any such filings shall be placed in an inactive file with no further action taken. All pending motions are denied and any currently pending petitions will be immediately dismissed.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] See Peterson v. State, No. 95,503 (Fla. Nov. 16, 1999) (habeas corpus transferred); Peterson v. State, 743 So.2d 14 (Fla.1999) (table) (No. 96,248) (habeas denied); Peterson v. State, No. 95,759 (Fla. Sept. 14, 1999) (habeas corpus transferred); Peterson v. State, No. 95,991 (Fla. Aug. 24, 1999) (habeas corpus transferred); Peterson v. State, No. 95,758 (Fla. Aug. 23, 1999) (habeas corpus transferred); Peterson v. State, No. 95,809 (Fla. Aug. 17, 1999) (habeas corpus transferred); Peterson v. State, 729 So.2d 393 (Fla.1999) (table) (No. 94,891) (habeas corpus dismissed); Peterson v. State, 718 So.2d 1234 (Fla.1998) (table) (No. 93,582) (habeas corpus denied); Peterson v. State, 717 So.2d 536 (Fla.1998) (table) (No. 92,528) (habeas corpus denied); Peterson v. Office of Appeal, 717 So.2d 536 (Fla.1998) (table) (No. 92,529) (habeas corpus denied); Peterson v. State, 705 So.2d 9 (Fla.1997) (table) (No. 91,878) (habeas corpus denied); Peterson v. Department of Children & Family, 697 So.2d 1217 (Fla.1997) (table) (No. 90,991) (habeas corpus denied); Peterson v. State, 697 So.2d 511 (Fla.1997) (table) (No. 90,711) (habeas corpus denied); Peterson v. State, 697 So.2d 1217 (Fla.1997) (table) (No. 90,644) (habeas corpus denied); Peterson v. State, 687 So.2d 1305 (Fla.1996) (table) (No. 89,549) (habeas corpus denied); Peterson v. State, 686 So.2d 580 (Fla.1996) (table) (No. 89,459) (appeal dismissed; habeas corpus denied); Peterson v. State, 684 So.2d 1352 (Fla. 1996) (table) (No. 89,110) (habeas corpus denied); Peterson v. State, 683 So.2d 484 (Fla. 1996) (table) (No. 88,979) (habeas corpus denied); Peterson v. State, 683 So.2d 484 (Fla. 1996) (table) (No. 88,926) (habeas corpus denied); Peterson v. State, 682 So.2d 1100 (Fla. 1996) (table) (No. 89,023) (habeas corpus denied); Peterson v. State, 678 So.2d 339 (Fla. 1996) (table) (No. 88,505) (habeas corpus denied); Peterson v. State, 681 So.2d 280 (Fla. 1996) (table) (Nos.88,824, 88,901) (habeas corpus denied); Peterson v. State, 678 So.2d 339 (Fla.1996) (table) (No. 88,504) (habeas corpus denied); Peterson v. State, 678 So.2d 339 (Fla.1996) (table) (No. 88,498) (habeas corpus denied); Peterson v. State, 675 So.2d 928 (Fla.1996) (table) (No. 88,170) (habeas corpus denied); Peterson v. State, 666 So.2d 144 (Fla.1995) (table) (No. 87,041) (habeas corpus denied); Peterson v. State, 666 So.2d 144 (Fla.1995) (table) (Nos. 86,943, 86,944, 86,945) (habeas corpus denied); Peterson v. Department of Health & Rehab. Servs., 663 So.2d 631 (Fla.1995) (table) (No. 86,736) (habeas corpus denied); Peterson v. Circuit Court of Escambia County, 657 So.2d 1163 (Fla. 1995) (table) (No. 85,163) (mandamus denied); Peterson v. State, 657 So.2d 1163 (Fla. 1995) (table) (No. 85,120) (petition for review denied); Peterson v. State, 658 So.2d 992 (Fla. 1995) (table) (No. 85,822) (petition for review denied); Peterson v. State, 659 So.2d 1088 (Fla.1995) (table) (No. 85,735) (habeas corpus denied); Peterson v. State, 657 So.2d 1163 (Fla.1995) (table) (No. 85,220) (petition for review transferred); Peterson v. State, 654 So.2d 919 (Fla.1995) (table) (No. 85,476) (habeas corpus denied); Peterson v. State, 652 So.2d 817 (Fla.1995) (table) (No. 85,153) (habeas corpus denied); Peterson v. State, 650 So.2d 990 (Fla.1995) (table) (No. 84,944) (petition for review transferred); Peterson v. State, 637 So.2d 236 (Fla. 1994) (table) (No. 83,151) (habeas corpus denied); Peterson v. State, 606 So.2d 1166 (Fla.1992) (table) (No. 80,519) (habeas corpus denied); Peterson v. State, 605 So.2d 1265) (Fla.1992) (table) (No. 80,481) (habeas corpus denied); Peterson v. State, 605 So.2d 1265 (Fla.1992) (table) (No. 79,846) (petition for review dismissed); Peterson v. Jason, 539 So.2d 475 (Fla.1989) (table) (No. 72,636) (petition for review denied); Peterson v. State, 536 So.2d 244 (Fla. 1988) (table) (No. 73,183) (habeas corpus dismissed); Peterson v. County of Santa Rosa, 531 So.2d 1354 (Fla.1988) (table) (No. 72,465) (petition for review dismissed); Peterson v. State, 605 So.2d 1265 (Fla. 1992) (table) (No. 79,846) (Petition for review denied).

Further, a number of additional petitions not listed here may have been submitted since the instant petition.