973 So.2d 425 (2006)
Montgomery Blair SIBLEY, Petitioner,
v.
FLORIDA JUDICIAL QUALIFICATIONS COMMISSION, Respondent.
No. SC04-2129.
Supreme Court of Florida.
April 27, 2006.
Rehearing Denied June 15, 2006.
Montgomery Blair Sibley, pro se, Rockville, MD, for Petitioner.
Richard C. McFarlain, Chair, Tallahassee, FL and Thomas C. MacDonald, Jr., General Counsel, Tampa, FL, for Respondent.
PER CURIAM.
Petitioner, Montgomery Blair Sibley, an attorney licensed in Florida, has previously filed a "Petition to Review the Actions, Policies and Procedures of the Florida Judicial Qualifications Commission," which this Court dismissed on April 14, 2005. Since that original filing attorney Sibley has filed numerous other filings which culminated in the issuance by this Court of an order directing Sibley to show cause why we should not limit his filings or otherwise impose sanctions upon him for filing frivolous proceedings in this Court. We now sanction Sibley.
On November 4, 2004, Sibley, a licensed, Florida attorney representing himself, filed in this Court a "Petition to Review the Actions, Policies and Procedures of the Florida Judicial Qualifications Commission." In this filing, Sibley sought to challenge *426 the Judicial Qualifications Commission's decision not to pursue formal charges against several judges about whom Sibley had filed complaints in relation to his ongoing child custody and child support disputes with his ex-wife. The petition was dismissed by order of the Court, which explained its lack of jurisdiction over the Commission, and that "[t]his Court does not investigate a determination by the Judicial Qualifications Commission that no formal charges should be initiated against a member or members of the judiciary. See Fla. Jud. Qual. Comm'n R. 6(a)." Sibley v. Fla. Judicial Qualifications Comm'n, No. SC04-2129, order at 1, 926 So.2d 1270 (Fla. Apr. 14, 2005).
In our order of dismissal, the Court noted that since 2002, Sibley had submitted numerous meritless filings in this Court, all related to or emanating out of his 1994 dissolution of marriage proceedings. Id.; see Sibley v. Sibley, 900 So.2d 554 (Fla.2005) (table) (review denied); Sibley v. Sibley, 885 So.2d 388 (Fla.2004) (table) (mandamus petition dismissed); Sibley v. Sibley, 884 So.2d 24 (Fla.2004) (table) (review denied); Sibley v. Sibley, 872 So.2d 899 (Fla.2004) (table) (prohibition petition denied); Sibley v. Sibley, 854 So.2d 660 (Fla.2003) (table) (review denied); Sibley v. Spears, 846 So.2d 1149 (Fla.2003) (table) (review dismissed); Sibley v. Spears, 839 So.2d 699 (Fla.2003) (table) (review dismissed); Sibley v. Sibley, 833 So.2d 774 (Fla.2002) (table) (review denied). Subsequent to the issuance of the order to show cause, the Court denied review in yet another case filed by petitioner in this Court, Sibley v. Sibley, 901 So.2d 120 (Fla.2005) (table). Accordingly, based on his prior abuse of this Court's processes, Sibley was directed to show cause "why the Court should' not impose upon him a sanction for his litigiousness, such as directing the Clerk of Court to reject for filing any future pleadings, petitions, motions, documents, or other filings related to his 1994 dissolution of marriage proceedings unless they are signed by a member in good standing of The Florida Bar other than petitioner." Sibley v. Fla. Judicial Qualifications Comm'n, order at 2.
In his response, Sibley rejects the notion that his numerous filings constitute an abuse of judicial process and argues that this Court lacks the authority, constitutionally and otherwise, to impose a sanction upon him and restrict his access to this Court. We disagree. This Court and the United States Supreme Court have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant. See, e.g., Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992); In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); Armstead v. State, 817 So.2d 841 (Fla.2002); Peterson v. State, 817 So.2d 838 (Fla.2002); Jackson v. Fla. Dep't of Corr., 790 So.2d 398 (Fla. 2001); Rivera v. State, 728 So.2d 1165 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216 (Fla.1995). One justification for such a sanction lies in the protection of the rights of others to timely review of their legitimate filings. See Martin, 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction where petitioner's filings for certiorari review had a deleterious effect on the Court's fair allocation of judicial resources); see also Peterson, 817 So.2d at 840 ("This Court has a responsibility to ensure every citizen's right of access to the courts . . . A limitation on [the petitioner's] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others."). *427 As noted by the United States Supreme Court, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
Upon a thorough review of the filings of Sibley in this Court, we conclude that Sibley has abused the processes of the Court and has hindered the ability of this Court to properly resolve those matters which are properly before the Court. We conclude that sanctions are merited on this record. Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents or other filings submitted by Montgomery Blair Sibley in any way related to his domestic disputes, unless signed by a member in good standing of The Florida Bar other than Montgomery Blair Sibley. Under the sanction herein imposed, Sibley is not wholesale being denied access to the courts. He may petition the Court through the assistance of counsel other than himself, whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, petitioner's frivolous and abusive filings must immediately come to an end. Further, if Montgomery Blair Sibley submits a filing in violation of this order, he may be subjected to further contempt proceedings or other appropriate sanctions.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.