PER CURIAM.
 

 Jussi Kustaa Kivisto was the subject of a Florida Bar disciplinary proceeding.
 
 [1]
 
 On March 17, 2009, Kivisto filed a petition for review of a referee’s report that recommended he be disbarred. During the course of the proceedings, Kivisto filed numerous motions and writ petitions. In fact, in this matter, Kivisto submitted over 120 filings with this Court, the bulk of which were repetitive and meritless. In addition, despite the fact that it was Kivis-to who sought review of the referee’s report and recommendation, he failed to timely file an initial brief on the merits. On May 20, 2010, the Court issued an order specifically informing Kivisto that no further extensions of time would be granted for him to file an initial brief on the merits and ordering him to file his initial brief on the merits within thirty-five days or his petition for review could be subject to dismissal.
 
 See Fla. Bar v. Kivisto,
 
 No. SC07-2281, 2010 WL 2026695 (Fla. May 20, 2010);
 
 see also
 
 Fla. R.App. P. 9.410 (Sanctions). Despite this clear warning, Kivisto failed to heed the Court’s direction, and never filed a timely initial brief on the merits. Instead, he continued filing motions to toll, motions to stay, an amended motion to stay, requests for oral argument, unauthorized requests, and other pleadings, in an attempt to delay the progress of his disciplinary case.
 
 [2]
 
 The volume of repetitive and meritless filings, coupled with Kivisto’s failure to proceed with his case by filing his initial brief, is an abuse of the
 
 *1139
 
 Court’s limited resources.
 
 [3]
 

 Because of his repetitive and meritless filings, on July 9, 2010, this Court ordered Kivisto to show cause why the Court should not direct the Clerk of the Court to “reject for filing any future pleadings, petitions, motions, letters, documents, or other filings” submitted by him to the Court unless signed by a member of The Florida Bar other than Kivisto.
 
 See Fla. Bar v. Kivisto,
 
 No. SC07-2281 (Fla. July 9, 2010). In his response to the order, Kivisto continued to present arguments regarding the disciplinary case, which should have been included in a timely filed initial brief. Further, Kivisto challenged the Court’s denials of his previous filings. Kivisto has failed to show good cause why sanctions should not be imposed for his numerous repetitive filings. We now sanction him.
 

 Both this Court and the United States Supreme Court have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant.
 
 See, e.g., Martin v. D.C. Court of Appeals,
 
 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992);
 
 In re Sindram,
 
 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991);
 
 In re McDonald,
 
 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989);
 
 Fla. Bd. of Bar Exam’rs re Ramos,
 
 17 So.3d 268 (Fla. 2009);
 
 Fla. Bar v. Thompson,
 
 979 So.2d 917 (Fla.2008);
 
 Hamilton v. State,
 
 945 So.2d 1121 (Fla.2006);
 
 May v. Barthet,
 
 934 So.2d 1184 (Fla.2006);
 
 Sibley v. Fla. Judicial Qualifications Comm’n,
 
 973 So.2d 425 (Fla.2006). The need for such a sanction lies in the protection of the rights of others to timely review of their legitimate filings.
 
 See Martin,
 
 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction where petitioner’s filings for certiorari review had a deleterious effect on the Court’s fair allocation of judicial resources);
 
 Sibley,
 
 973 So.2d at 426. The resources of our court system are finite and must be reserved for the resolution of genuine disputes.
 
 See Peterson v. State,
 
 817 So.2d 838, 840 (Fla.2002). As noted by the United States Supreme Court, “Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution’s limited resources. A part of the Court’s responsibility is to see that these resources are allocated in a way that promotes the interests of justice.”
 
 In re McDonald,
 
 489 U.S. at 184, 109 S.Ct. 993.
 

 After considering Kivisto’s response to the order to show cause, we conclude that he has abused this Court’s processes by filing a multitude of petitions and motions that repeatedly present the same unwarranted arguments. Kivisto’s actions create a drain on the Court’s limited time, for with each filing the Court must review and consider his repetitious and meritless arguments. Therefore, we conclude. that a limitation on Kivisto’s ability to file in this Court would further the constitutional right of access because it would permit the Court to devote its finite resources to the consideration of legitimate claims filed by others.
 

 Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, letters, notices, or other filings submitted by Jussi Kustaa Kivisto that challenge the disciplinary proceedings considered by this Court in
 
 Florida Bar v. Ki-
 
 
 *1140
 

 visto,
 
 49 So.3d 747 (Fla.2010), or are related to his potential readmission to The Florida Bar, unless the filings are signed by a member in good standing of The Florida Bar.
 

 Under the sanction herein imposed, Ki-visto is not being denied access to the courts; that access is simply being limited due to his abusiveness. Kivisto remains eligible to seek readmission to The Florida Bar, once he has completed the five year period of disbarment, with the requirement that the filings are signed by a member in good standing of The Florida Bar. However, we cannot tolerate Kivisto’s continued inability to abide by the legal processes of the judicial system. If Kivisto submits a filing in violation of this order, he may be subjected to contempt proceedings or other appropriate sanctions, including permanent disbarment.
 
 See
 
 R. Regulating Fla. Bar 3 — 5.1(f) (“Permanent disbarment shall preclude readmission.”)
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const.
 

 [2]
 

 . In the disciplinary case, the Court approved the report of referee and disbarred Kivisto.
 
 See Fla. Bar v. Kivisto,
 
 49 So.3d 747 (Fla.2010).
 

 [3]
 

 . Kivisto’s filings include four petitions for all writs, six petitions for writs of prohibition, a petition for writ of mandamus, as well as filings vaguely titled "emergency petition for writ.” He has repeatedly filed amended versions of the writ petitions. Further, Kivisto has submitted unauthorized filings and filed at least five motions for rehearing regarding the writ petitions and other motions. These filings have not resulted in relief for Kivisto.