[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14118
Non-Argument Calendar
_____

D.C. Docket No. 0:12-mc-61443-WPD

In re: JUSSI K. KIVISTO,
    a United States Citizen,

                                                                        Petitioner.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 10, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judge.

PER CURIAM:

Jussi K. Kivisto appeals the denial of his application to subpoena Michael

Soifer, counsel for the Florida Bar, for discovery in aid of a foreign proceeding

involving Kivisto's right to engage in the practice of law in Canada. 28 U.S.C.

§ 1782. This litigation represents Kivisto's third federal suit for the purpose of

collaterally attacking his disbarment. We affirm.

Susan Robbins, a private attorney, filed a complaint with the Bar alleging that Kivisto had demanded exorbitant fees for his work for an estate; had a conflict of interest in representing a second estate that had inherited money from the first estate; and had committed Medicaid fraud. The Bar dismissed the charge of Medicaid fraud, but a referee recommended disbarring Kivisto for charging excessive fees and engaging in conduct involving dishonesty and fraud and conduct prejudicial to the administration of justice. During the disbarment proceedings, Kivisto "submitted over 120 filings with [the Supreme Court of Florida], the bulk of which were repetitive and meritless." The Florida Bar v. Kivisto, 62 So. 3d 1137, 1138 (Fla. 2011).

After he petitioned the Supreme Court of Florida for review of the referee's report, Kivisto failed to file a timely brief in support of his petition. Id. The court granted Kivisto additional time to file his brief, but he continued to file motions and other papers "in an attempt to delay the progress of his disciplinary case." Id. Kivisto failed to file a brief within the additional time provided, and the court treated the referee's report as uncontested and disbarred Kivisto. The Florida Bar v. Kivisto, 49 So. 3d 747 (Fla. 2010). Later, the court issued an order for Kivisto to show cause why he should not be sanctioned for his repetitive filings. Kivisto, 62 So. 3d at 1139. After Kivisto responded with "arguments regarding [his] disciplinary case," the court sanctioned Kivisto by refusing to accept any future

2

filings except those signed by a member in good standing with the Bar.  Id. at 1139–40.

Kivisto filed in the district court a complaint that Soifer, Robbins, and other attorneys had violated his civil rights, 42 U.S.C. §§ 1983, 1985, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, by conspiring to make false representations to the Supreme Court of Florida during its investigation and disciplinary proceedings.  The district court dismissed the case with prejudice for failure to state a claim, and we affirmed.  Kivisto v. Miller, Canfield, Paddock and Stone, PLC, 413 Fed. App'x 136 (11th Cir. 2011).  Kivisto later filed a second complaint against the same defendants that they had violated his civil rights.  The district court dismissed Kivisto's second complaint as barred by res judicata and collateral estoppel, and we affirmed.  Kivisto v. Soifer, 448 Fed. App'x 923 (11th Cir. 2011).

In 2012, Kivisto applied for an order to subpoena Soifer.  Kivisto alleged that Soifer, as counsel for the Florida Bar, possessed evidence that he, Susan Robbins, Robbins's law firm, and other attorneys conspired to "file[] with the Florida Bar . . . a knowingly false grievance . . . accusing [Kivisto] of Medicaid fraud . . . to extort money" from him; covered up the "attempted extortion"; and fabricated evidence to "frame" Kivisto for professional misconduct.  Kivisto attached to his brief a copy of a letter from the Canadian Law Society dated

3

December 10, 2010, stating that it had received notice of Kivisto's disbarment and was "considering its course of action"; inquiring whether Kivisto "intend[ed] to resume the practice of law in Ontario" because he had been inactive since 1997; and requesting information about the status of his disbarment in Florida and his licensure in other jurisdictions. Kivisto also filed a document provided by the Society that explained its investigative process.

The district court denied Kivisto's application on the ground it "[had] been made in bad faith, as a fishing expedition, or as a means to harass Soifer." The district court found that Kivisto was "continu[ing] to drag out litigation that he [had] already lost and [had] continued to lose for years," and the court "exercise[d] its discretion to prevent him from disguising more litigation under the pretext of additional discovery . . . ." The district court "note[d] that the Canadian bar association considering Kivisto's disbarment remain[ed] free under . . . § 1782 to make its own application for information, if desired."

We review the denial of an application for discovery in a foreign proceeding for abuse of discretion. In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 685 F.3d 987, 993 (11th Cir. 2012). Under that standard, "our review . . . is extremely limited and highly deferential." United Kingdom v. United States, 238 F.3d 1312, 1319 (11th Cir. 2001). A district court has the authority to grant an application for discovery if the applicant satisfies

4

statutory requirements, 28 U.S.C. § 1728(a), but the "court is not required to grant . . . [the] application simply because it has the authority to do so." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264, 124 S. Ct. 2466, 2482 (2004). "[F]actors that bear consideration in ruling" on an application include "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . agency abroad to U.S. federal-court judicial assistance," and "whether the . . . [application] conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Id. at 264, 265, 124 S. Ct. at 2483. The district court also may consider whether the application contains "unduly intrusive or burdensome requests," id. at 265, 124 S. Ct. at 2483, is "made in bad faith, for the purpose of harassment," Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1101 n.6 (2d Cir. 1995) (cited in United Kingdom, 238 F.3d at 1319), or is part of a "fishing expedition," In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1156 (11th Cir. 1988), abrogated on a different ground by Intel Corp., 542 U.S. at 259, 124 S. Ct. at 2480.

The district court did not abuse its broad discretion by denying Kivisto's application for discovery. Kivisto failed to establish that the requested discovery would be useful to or accepted by the Canadian Law Society. Neither Kivisto's application nor his filings suggested that the Society had commenced or intended

5

to commence a formal disciplinary proceeding against him; the Society would find useful Kivisto's requested discovery; or the Society required any assistance in determining Kivisto's fitness to practice law in Canada.  In the light of Kivisto's previous unsuccessful challenges to his disbarment, the district court reasonably found that Kivisto had sought the discovery for vexatious purposes.  We expect "the district [court] [to] carefully examine and give thoughtful deliberation to any request for assistance submitted by an 'interested person'" and "deny the request" when it "suspects that the request is a 'fishing expedition' or a vehicle for harassment."  Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d at 1156.

We **AFFIRM** the denial of Kivisto's application for discovery in aid of a foreign proceeding.