[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10464
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-21894-JIC


JUSSI K. KIVISTO,

Plaintiff - Appellant,

versus

MICHAEL DAVID SOIFER,
in his individual capacity,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 17, 2014)

Before MARTIN, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

The plaintiff, Jussi K. Kivisto, appeals pro se the district court's final judgment dismissing with prejudice his pro se 42 U.S.C. §1983 First Amendment claims against the defendant, Florida Bar counsel Michael D. Soifer. Kivisto sued Soifer in his individual capacity only. Soifer raised absolute prosecutorial immunity as a Fed. R. Civ. B. 12(b)(6) defense to Kivisto's First Amended Complaint, and the district court dismissed the complaint under Rule 12(b)(6) on the basis of that defense. We affirm.

This civil action arises indirectly out of a Florida disbarment proceeding. The Florida Bar initiated disbarment proceedings against Kivisto in October 2007. After Kivisto defaulted, the referee assigned to hear the matter entered Kivisto's default and recommended disbarment to the Florida Supreme Court. Kivisto filed a petition to review the referee's recommendation with the Florida Supreme Court, but failed to prosecute his petition in accordance with Florida Supreme Court rules. The court ultimately accepted the referee's recommendation as uncontested and disbarred Kivisto. *Florida Bar v. Kivisto*, 49 So.3d 747 (Fla. 2010), *cert. denied*, 131 S. Ct. 2973 (2011).

Kivisto's disbarment as such is immaterial to his claims in this civil action. What is material, however, is a sanctions order embedded in the Florida Supreme Court's disbarment proceeding, Kivisto's behavior following entry of that order, and the Florida Bar's response to that behavior.

2

After Kivisto petitioned the Florida Supreme Court to review the referee's disbarment recommendation, he ignored briefing deadlines, choosing, instead, to inundate the court with a plethora of filings that the court described as "repetitive and meritless." *Florida Bar v. Kivisto*, 62 So. 3d 1137, 1138 (Fla. 2011). This prompted the court to order Kivisto to show cause why his abusive tactics should not be sanctioned. Kivisto's response did not satisfy the court. The court directed its clerk not to accept any further filing from Kivisto that challenged his disbarment or sought readmission to the Florida Bar, unless a member in good standing of the Florida Bar signed the filing. *Florida Bar v. Kivisto,* 62 So. 3d at 1139-40.

After the Florida Supreme Court disbarred Kivisto, the Florida Bar filed a petition with the court for an order requiring Kivisto to show cause why he should not be held in contempt of the disbarment order for continuing to hold himself out as a licensed, practicing attorney (First Petition). Kivisto responded to the First Petition by filing papers with the Florida Supreme Court over his own signature and without the signature of a member in good standing of the Florida Bar. This prompted Soifer, acting as Florida Bar counsel, to file the Second Petition, which sought from the Florida Supreme Court issuance of an order requiring Kivisto to show cause why he should not be held in contempt because his papers filed in response to the First Petition violated the sanctions order. The Florida Supreme

3

Court denied the Second Petition without prejudice, opining that its issues could be addressed in resolving the First Petition, which remains pending.

Kivisto contends in his First Amended Complaint that the Second Petition violated his First Amendment rights. (The First Petition is not at issue.) Soifer contends that, as a prosecutorial advocate for the Florida Bar, he is absolutely immune from suit. We review de novo a district court's Rule 12(b)(6) dismissal of a complaint with prejudice. *Abdur-Raham v. Walker*, 567 F.3d 1278, 1280-81 (11th Cir. 2009).

Prosecutors, including state bar disciplinary advocates, are absolutely immune from all suits challenging their prosecutorial advocacy functions, so long as those functions occur within their territorial jurisdictions. *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009); *Elder v. Athens-Clarke County*, 54 F.3d 694, 695 (11th Cir. 1995); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Rules of the Florida Bar authorize its counsel to initiate contempt proceedings before the Florida Supreme Court. *Florida Bar Rules* 3-7.3 and -7.11. In determining the availability of absolute prosecutorial immunity as a defense, it is immaterial whether the prosecutor acted negligently or even maliciously. *Hart*, 587 F.3d at 1298.

We need not determine whether the substance of either the First or the Second Petition fell within the ambit of the Florida Supreme Court's sanctions

order and, therefore, would have subjected Kivisto to a contempt citation had the Florida Bar prevailed in one or both of the show cause proceedings. We need not determine the relative "plausibility" of Kivisto's First Amendment contentions against Soifer in his First Amended Complaint. The single dispositive question, easily resolved, is whether Kivisto's allegations against Soifer with respect to the Second Petition offer any plausible basis for denying Soifer the protection of absolute immunity.

Absolute prosecutorial immunity is an affirmative defense that the party pleading it must prove. The district court may dismiss a complaint with prejudice on the basis of the immunity defense if a Rule 12(b)(6) motion demonstrates that the complaint, with all of its allegations accepted as true, indisputably establishes the factual foundation of the defense. *Rivera v. Leal*, 359 F.3d 1350 (11th Cir. 2004); *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999).

In the district court, Kivisto asserted nothing more than that Soifer filed the Second Petition without following procedural rules – that is, negligently – or as part of a personal vendetta against Kivisto – that is, maliciously – or both. The district court accepted Kivisto's assertions as true. After thoroughly analyzing the parties' factual assertions and legal arguments, the district court correctly determined under controlling decisional law that these assertions, even if true, did not strip Soifer of ablosute immunity.

5

Kivisto also raises these contentions in this Court, and we agree with the district court that the alleged negligent or malicious behavior of Soifer, even if true, did not defeat his absolute immunity defense.  Kivisto contends for the first time on appeal that Soifer acted as a "complaining witness" and, therefore, is not entitled to absolute immunity.  He did not argue this in opposition to Soifer's Rule 12(b)(6) motion or in his motion to reconsider the district court's order granting that motion.  The Court will not consider contentions raised for the first time on appeal.  *See, e.g., Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Moreover, even if we did consider the argument, we find nothing in the First Amended Complaint that, if accepted as true, described Soifer as anything but a prosecutorial advocate of the Florida Bar protected by absolute immunity.

For the reasons stated in the district court's order and this opinion, we affirm the judgment of the district court dismissing this civil action with prejudice.

**AFFIRMED.**