# Supreme Court of Florida

_____

No. SC13-2004
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**DAVID FRANK PETRANO,**
Respondent.

[December 18, 2014]

PER CURIAM.

This case came before the Court on The Florida Bar's petition for interim probation of respondent David Frank Petrano.[1] The Bar asserted facts and presented an affidavit that clearly and convincingly established that restrictions on respondent's privilege to practice law are necessary for the protection of the public. After considering filings by the Bar and Petrano, the Court issued an order imposing interim probation with restrictions on Petrano. See Fla. Bar v. Petrano,

---

1. We have jurisdiction. See art. V, § 15, Fla. Const.

SC13-2004 (Fla. Nov. 12, 2013).  Due to Petrano's constant abusive filings in the Court regarding this ongoing case and other cases, the Court issued an order on June 9, 2014, directing Petrano to show cause

> why this Court should not find that you have abused the legal system process and impose upon you a sanction for abusing the legal system, including, but not limited to directing the Clerk of this Court to reject for filing any future pleadings, petitions, motions, letters, documents, or other filings submitted to this Court by you unless signed by a member of The Florida Bar other than yourself.

Fla. Bar v. Petrano, SC13-2004 (Fla. Jun. 9, 2014); R. Regulating Fla. Bar 3-7.17 (Vexatious Conduct and Limitation on Filings); see also Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion); State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) (stating that a court must first provide notice and an opportunity to respond before sanctioning a litigant and prohibiting litigant from future pro se filings).  Petrano has filed a response to the Court's order to show cause.  He argues that all of his filings and proceedings were presented in good faith and that he is sincerely remorseful.  However, in the response he resumes making the same meritless arguments that he has presented to this Court numerous times.[2]  After considering

---

2. Petrano is the subject of the instant disciplinary proceeding, Florida Bar v. Petrano, No. SC13-2004, and he has failed to demonstrate compliance with the Court's previous order that he undergo a mental health evaluation.  He filed a petition for a writ of mandamus challenging this disciplinary proceeding.  Petrano v. Fla. Bar, 143 So. 3d 921 (Fla. 2014) (petition denied in SC13-1731).  In addition, he and his wife, Mary Katherine Day-Petrano, filed a petition for a writ of mandamus seeking relief against at least thirteen persons and entities, including the Bar and the Florida Board of Bar Examiners.  M.K.D.P. v. Fla. Bd. of Bar

Examiners, No. SC13-1857 (Fla. Jan. 30, 2014) (dismissed in part, denied in part). He filed a separate "petition for contempt" against the Bar. Petrano v. Fla. Bar, No. SC14-830 (Fla. Apr. 30, 2014) (dismissed as unauthorized).

In addition to the various proceedings, the Court has addressed Petrano's numerous motions and filings within the cases. In No. SC13-1731, the first mandamus petition, Petrano filed over 120 pleadings and appendices. He also engaged in repeated attempts to file an affidavit of his wife, even though the filing was previously stricken. Petrano v. Fla. Bar, No. SC13-1731 (Fla. Feb. 7, 2014) (denying Petrano's motion requesting that the Clerk of Court be ordered not to strike his wife's affidavits); Petrano v. Fla. Bar, No. SC13-1731 (Fla. Feb. 17, 2014) (affidavit stricken). On February 7, 2014, the Court issued an order that struck a reply and appendices that Petrano filed on November 26 and 27, 2013. The Court issued another order on that same date, striking Petrano's filings of November 18, 19, 20, 21, 22, and 26, 2013. Also, the Court has ordered him not to file pleadings over fifty pages in length. In this case, over eighty of his filings were stricken. Clearly, the majority of his filings have not resulted in relief, as they have been stricken or denied.

In the instant case, No. SC13-2004, before it was referred to a referee, Petrano filed thirty-two motions or appendices in this Court. For example, he objected to the substitution of Bar counsel after Bar counsel had left the Bar's employment. In another pleading, he requested that the Court permit him to amend his answer; however, he filed this request after the Court issued an order ruling on the point. Fla. Bar v. Petrano, No. SC13-2004 (Fla. Mar. 19, 2014) (motion denied). Although this Court ordered Petrano to undergo the mental health evaluation, he thereafter filed a motion for protective order asking the Court to prohibit the Bar from making him undergo the evaluation. The Court denied his motion and struck yet another of his filings. As in No. SC13-1731, Petrano repeatedly attempted to file an affidavit of his wife after it was stricken. Fla. Bar v. Petrano, No. SC13-2004 (Fla. Nov. 12, 2013) (striking affidavit as unauthorized); Fla. Bar v. Petrano, No. SC13-2004 (Fla. Feb. 26, 2014) (same). He filed a motion demanding that the Bar provide ADA accommodations for his wife to participate in the mental health evaluation with him. The motion was denied. His motion to take judicial notice was stricken for failure to comply with the appellate rule prohibiting argument. Fla. Bar v. Petrano, No. SC13-2004 (Fla. Feb. 26, 2014).

Therefore, Petrano's numerous filings in No. SC13-2004, No. SC13-1731, No. SC13-1857, and No. SC14-830, which are repetitive and meritless, abuse the Court's limited resources.

Petrano's response, we conclude that it fails to show cause why sanctions should not be imposed. We find that respondent has engaged in vexatious conduct. See R. Regulating Fla. Bar 3-7.17 ("Vexatious conduct is conduct that amounts to abuse of the bar disciplinary process by use of inappropriate, repetitive, or frivolous actions or communications of any kind directed at or concerning any participant or agency in the bar disciplinary process such as the complainant, the respondent, a grievance committee member, the grievance committee, the bar, the referee, or the Supreme Court of Florida, or an agent, servant, employee, or representative of these individuals or agencies.").

This Court has chosen to sanction pro se respondents who have abused the judicial process and otherwise misused this Court's limited judicial resources by filing frivolous, nonmeritorious, or otherwise inappropriate filings. Such respondents have been barred from further filings in this Court unless their pleadings, motions, or other requests for relief were filed under the signature of a member of The Florida Bar in good standing other than the respondents. The Court has found that limitations on the abilities of such respondents to submit any further filings in this Court were necessary to protect the constitutional right of access of other litigants, in that it permitted this Court to devote its finite resources to the consideration of legitimate claims filed by others. See Fla. Bar v. Kivisto, 62 So. 3d 1137, 1139 (Fla. 2011); Fla. Bar v. Thompson, 979 So. 2d 917, 918 (Fla.

2008); see also In re McDonald, 489 U.S. 180, 184 (1989) (noting that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources").

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by David Frank Petrano unless such filings are signed solely by a member in good standing of The Florida Bar other than Petrano. R. Regulating Fla. Bar 3-7.17(d). Counsel may file on Petrano's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – The Florida Bar

John F. Harkness, Jr., Executive Director, and James Keith Fisher, Bar Counsel, The Florida Bar, Tallahassee, Florida, and Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida,

for Complainant

David Frank Petrano, pro se, Hawthorne, Florida,

for Respondent