[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11692
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-61758-UU


JUSSI K. KIVISTO,

                                        Plaintiff - Appellant,

                            versus

MICHAEL DAVID SOIFER,
KENNETH LAWRENCE MARVIN,
MILLER, CRANFIELD, PADDOCK AND STONE, PLC,
SUSAN I. ROBBINS,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 18, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Jussi K. Kivisto, proceeding *pro se*, appeals the district court's dismissal of his claims as barred by res judicata. We affirm.

In 2005, Susan I. Robbins, an attorney with Miller, Cranfield, Paddock and Stone, PLC, filed a complaint with the Florida Bar regarding Kivisto, an attorney who was licensed to practice in Florida. Michael David Soifer and Kenneth Lawrence Marvin, both counsel for the Florida Bar, conducted an investigation of Robbins's complaint. As a result of the investigation, in 2007 the Florida Bar filed a disciplinary proceeding against Kivisto with the Florida Supreme Court.

In 2008, before the Florida Supreme Court resolved the disciplinary proceeding, Kivisto filed a complaint in federal district court (*Kivisto I*) alleging that the defendants in this case, in addition to several other attorneys and another law firm, violated various sections of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. Specifically, Kivisto contended that the *Kivisto I* defendants conspired to make false representations to the Florida Supreme Court during the investigation and disciplinary proceedings, the result of which deprived him of his constitutional rights. In June 2010, the district court dismissed the case with prejudice for failure

2

to state a claim. The Florida Supreme Court subsequently concluded its disciplinary proceeding and disbarred Kivisto.

Kivisto then filed a second law suit in district court, alleging that during the investigation of and disciplinary proceedings against him, the defendants violated § 1983 and § 1985 by conspiring to fabricate evidence. The defendants moved to dismiss Kivisto's claims, contending that the claims were barred by res judicata and collateral estoppel. The district court agreed and dismissed Kivisto's claims. Kivisto now appeals.

We review *de novo* a district court's res judicata or collateral estoppel determination. *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004). Under res judicata, "a final judgment on the merits bars the parties to a prior action from relitigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). A party seeking to invoke res judicata must satisfy four elements: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Kivisto contests only the fourth element, arguing that the instant cause of action is distinct and could not have been brought in *Kivisto I* because it arose when the fabricated evidence was used before the Florida Supreme Court, which occurred after he filed suit in *Kivisto I* in 2008. But "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action," then the two cases "arise out of the same transaction or series of transactions" and are the same "cause of action" for purposes of res judicata. *Id.* at 1239 (internal quotation marks omitted). Further, under res judicata, "claims that 'could have been brought' are claims in existence at the time the original complaint is filed." *In re Piper Aircraft Corp.*, 244 F.3d at 1298-99 (internal quotation marks omitted).

Here, Kivisto concedes that his claims are "based on fabrication of evidence" that allegedly occurred during the complaint, investigation, and initiation of disciplinary proceedings before the Florida Supreme Court, all of which occurred prior to *Kivisto I*. Because the facts giving rise to Kivisto's second claim were present at the time of *Kivisto I*, the two cases arose out of the

same series of transactions and the district court properly found that res judicata

bars Kivisto's claims.[1]

**AFFIRMED.**

---

[1] Because we find that res judicata bars Kivisto's claims, we do not need to address the district court's conclusion that collateral estoppel also applies as a bar.