891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie D. McDONALD, Plaintiff-Appellant,
v.
YELLOW CAB METRO, INC., Defendant-Appellee.
 No. 89-6104.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Jessie D. McDonald, appeals an order of the district court which dismissed his civil action. He now moves for leave to proceed in forma pauperis, for the stay of execution of a state court judgment and for leave to amend his complaint. Plaintiff also moves to enjoin the enforcement of an order of the district court which imposed sanctions against him pursuant to Fed.R.Civ.P. 11. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff tendered an application for leave to proceed in forma pauperis and a complaint in the District Court for the Middle District of Tennessee. In support of his request for both injunctive relief and a declaratory judgment, he alleged that the Chancery Court of Davidson County, Tennessee had erroneously entered a judgment against him in an action under that state's tradename protection statute which had been brought by defendant, Yellow Cab Metro, Inc. Due to his belief that the adverse judgment was the product of both defendant's fraud and the state court's errors of law, plaintiff asked that the district court declare the judgment invalid and enjoin its enforcement against him. Rather than addressing the merits of those claims, however, the district court determined that plaintiff lacked standing to maintain a cause of action in federal court as he had not been directly injured by defendant's actions. The district court therefore dismissed the complaint for lack of subject matter jurisdiction and plaintiff filed this appeal. In a subsequent order the district court imposed sanctions against plaintiff pursuant to Fed.R.Civ.P. 11 and adopted other measures to limit his future ability to file frivolous law suits. Although plaintiff has not filed an appeal from that order, he has moved to enjoin its enforcement pending the resolution of this appeal.
 
 
 3
 After careful review of the record, the court has concluded that the dismissal of plaintiff's complaint should be affirmed, but for reasons other than those stated by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). In particular, plaintiff's cause of action is premised entirely upon the fact that defendant had obtained a judgment against him in an action in state court under the Tennessee tradename protection statute. Believing the adverse outcome of that action to be the product of both error by the state trial judge and fraud by defendant, plaintiff requests that a federal court invalidate the judgment of the state court. Plaintiff is in effect attempting to utilize an action in federal court as a substitute for an appeal in state court. It is well established, however, that federal courts lack subject matter jurisdiction over challenges to the decisions of state courts even when the plaintiff has alleged that the outcome of the state proceeding is constitutionally defective. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Coogan v. Cincinnati Bar Assoc., 431 F.2d 1209, 1211 (6th Cir.1970) (per curiam).
 
 
 4
 Accordingly, the motion for leave to proceed in forma pauperis is granted. Plaintiff's motions to stay judgment and to enjoin the enforcement of the order imposing sanctions, however, are denied and the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.