NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0637n.06

No. 11-5821

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jun 18, 2012***

LEONARD GREEN, Clerk

JESSIE D. MCDONALD,                              )
                                                 )
    Petitioner-Appellant,                        )    ON APPEAL FROM THE
                                                 )    UNITED STATES DISTRICT
v.                                               )    COURT FOR THE MIDDLE
                                                 )    DISTRICT OF TENNESSEE
ROBERT E. COOPER, JR.,                           )
                                                 )
    Respondent-Appellee.                         )

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Jessie D. McDonald, a *pro se* Tennessee resident, appeals a district court order that imposed sanctions against him pursuant to Federal Rule of Civil Procedure 11.

In 1973, McDonald was convicted of obtaining title to an automobile under false pretenses in violation of Tennessee law. He was sentenced to three years of incarceration and that sentence was affirmed on appeal. McDonald is a prolific litigant who has filed numerous actions in federal court, including at least one prior habeas corpus action that challenged the validity of his 1973 conviction. *See* 28 U.S.C. § 2254. This Court denied his subsequent application for leave to file a second or successive habeas corpus petition. *See* 28 U.S.C. § 2244.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In 2005, McDonald filed a petition for a writ of error coram nobis in which he again sought to challenge the validity of his 1973 conviction. The district court dismissed the case on September 15, 2005, because a writ of error coram nobis must be presented to the court that issued the disputed judgment and because the writ was effectively abolished by the enactment of Federal Rule of Civil Procedure 60(b). The district court also placed limitations on McDonald's ability to pursue frivolous actions in the future. McDonald did not appeal the district court's order.

In 2007, McDonald filed a "Motion For United States To Intervene" in his prior coram-nobis action, asking the district court to certify that 28 U.S.C. § 2244(b)(3) was unconstitutional. The district court denied the motion as frivolous on March 16, 2007, and repeated its warning that further sanctions would be imposed if McDonald continued to file frivolous pleadings. McDonald's appeal from that order was dismissed for lack of prosecution.

In 2011, McDonald filed a Motion to Vacate and a Motion for Summary Judgment that also challenged the validity of his 1973 conviction. A magistrate judge issued a report recommending that sanctions be imposed against McDonald for continuing to file frivolous pleadings in violation of the district court's prior orders. The district court adopted that recommendation over McDonald's objections. On June 13, 2011, the district court issued an order that denied McDonald's motions and assessed him a $1,000 sanction for continuing to file frivolous pleadings in violation of Rule 11. The court also barred McDonald from filing future civil cases until all of his sanctions were paid. McDonald now appeals the imposition of sanctions. He has moved for leave to proceed in forma pauperis on appeal.

We review the district court's decision to impose sanctions for an abuse of discretion. *See Mich. Div.-Monument Builders of N. Am. v. Mich. Cemetery Ass'n,* 524 F.3d 726, 739 (6th Cir. 2008). The district court acted within its discretion by imposing the sanction in light of McDonald's lengthy and persistent history of frivolous litigation. *See, e.g., In re McDonald*, 489 U.S. 180, 181 & n.3 (1989); *McDonald v. Yellow Cab Metro, Inc.*, No. 89-6104, 1989 WL 149393, at *1–2 (6th Cir. 1989).

McDonald now asserts that the imposition of sanctions violated the Ex Post Facto Clause of the Constitution because the sanctions involve a "gatekeeping law" that did not exist in 1973. He did not raise this claim in his objections to the magistrate judge's report and we decline to address the argument for the first time on appeal. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). McDonald also suggests that the district court judge was biased. However, his conclusory assertions are not based on any extrajudicial activity and there is no indication that the judge was unfairly biased in the case at hand. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

McDonald continues to challenge the validity of his 1973 conviction throughout his current brief. These arguments are unavailing because he has already filed at least one unsuccessful habeas corpus action under section 2254, and he has not obtained this Court's permission to file a second or successive habeas corpus petition as required by section 2244.

The district court's order is affirmed and the motion for leave to proceed in forma pauperis is denied.