IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2017

## STATE OF TENNESSEE v. JESSIE D. McDONALD

**Appeal from the Criminal Court for Davidson County**
**Nos. B-317 & 2007-D-3344     Cheryl A. Blackburn, Judge**

_____

### No. M2017-01201-CCA-R3-ECN

_____

The Petitioner, Jessie D. McDonald, appeals from the Davidson County Criminal Court's summary dismissal of his petition for a writ of error coram nobis. The Petitioner contends that the coram nobis court erred by summarily dismissing his petition as having been untimely filed and failing to state a cognizable claim. Following our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Jessie D. McDonald, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan McNabb King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

I. *False Pretenses Conviction*
Following a 1974 jury trial, the Petitioner was convicted of the offense of obtaining property by false pretenses in violation of Tennessee Code Annotated section 39-1901, now section 39-3-901 (case number B-317). For his crime, he was sentenced to three years' incarceration. Upon direct appeal, this court reversed the conviction. However, the Supreme Court of Tennessee reversed our decision and reinstated the judgment. See State v. McDonald, 534 S.W.2d 650 (Tenn. 1976), reh'g denied (Mar. 15, 1976). The United States Supreme Court later denied review. McDonald v. Tennessee, 425 U.S. 955, reh'g denied, 425 U.S. 1000 (1976).

The Petitioner, in the late 1980s, filed a pro se pleading in the trial court styled "motion to set aside conviction." See Jessie D. McDonald v. State, No. 88-285-III, 1989 WL 22697, at *1 (Tenn. Crim. App. Mar. 17, 1989), perm. app. denied (Tenn. June 5, 1989), cert. denied, 493 U.S. 845 (Oct. 2, 1989). The trial court denied the motion on the basis of lack of jurisdiction to grant the relief sought, and this court affirmed. Id. at *2.

In the 1989 opinion of this court, we noted then that the Petitioner was a prolific litigant who had filed numerous actions challenging the validity of his 1974 conviction. We made the following observations:

> In the dozen or so years since the Tennessee Supreme Court's opinion was released and [the Petitioner's] conviction was reinstated, he has maintained a steady barrage of pro se motions and petitions attacking the [s]upreme [c]ourt's judgment. These have included petitions for post-conviction relief, habeas corpus relief, and coram nobis relief, as well as numerous motions to set aside the original judgment under both the civil and criminal rules. The complaint is always the same: that under the due process clause, the [Petitioner] is entitled to have the 1974 judgment of conviction vacated based on this court's 1975 opinion that the evidence introduced at trial was not sufficient to support his conviction. In every case, his request for relief has been denied.

> What the [Petitioner] has failed or refused to recognize, although it has been repeatedly pointed out to him over the years, is the fact that the Tennessee Supreme Court's judgment was final and fully dispositive of his direct appeal even though it did not explicitly address the issue discussed in the opinion rendered by the Court of Criminal Appeals. Thus, the "holding" of this court regarding the sufficiency of the evidence, if the somewhat ambiguous language of the opinion can be said to constitute a holding, was overruled sub silentio by the order of the [s]upreme [c]ourt reinstating the trial court's judgment. As Justice Henry of that Court was wont to say, "We are not final because we are supreme; we are supreme because we are final."

> The [Petitioner] is undoubtedly not the first litigant disgruntled by what he sees as the inadequacies, or even the inequities, of an appellate court opinion; nor will he be the last. In his favor it must be said that he is persistent. Persistence in the pursuance of justice can, of course, be a virtue. But it can also ripen into preoccupation and, eventually, into obsession. In view of the very large number of futile legal pleadings and documents filed by the [Petitioner], that would appear to be the case here. At some point, the matter becomes not only frivolous, as the state argues in

its brief, but it also amounts to a misuse of legal process and constitutes a significant burden on the judiciary.

No one connected with the criminal justice system wishes to deny a litigant access to the courts, but we feel constrained to admonish the [Petitioner] in this case that once his current litigation comes to an end, whether successfully or not, he should consider the matter final, as indeed it was some 13 years ago, and that he should cease his efforts to relitigate the same question. We hereby give notice that any future filings in this court will be met with orders of summary dismissal.

McDonald, 1989 WL 22697, at *1-2.

Despite this admonition, the Petitioner's barrage continued. In May 2004, the Petitioner filed a petition for writ of habeas corpus challenging his false pretenses conviction, which was summarily dismissed. See State v. Jessie D. McDonald, No. M2004-02197-CCA-R3-HC, 2005 WL 94469, at *1 (Tenn. Crim. App. Jan. 12, 2005) (memorandum opinion). On appeal, this court affirmed, holding that the Petitioner's sentence had long ago expired and that any impediment to gainful employment as an engineer and educator was merely a collateral consequence and did not entitle him to habeas corpus relief. Id. (citing Benson v. State, 153 S.W.3d 27, 32 (Tenn. 2004)). Furthermore, the Petitioner filed a vexatious number of challenges to this conviction in federal court. See McDonald v. Cooper, 471 F. App'x 494, 494-95 (M.D. Tenn. 2012) (concluding that the district court acted within its discretion when it denied the Petitioner's motions to vacate and for summary judgment regarding his 1974 conviction, assessed him a $1000 sanction for continuing to file frivolous pleadings in violation of Federal Rule of Civil Procedure 11, and barred him from filing future civil cases until all of his sanctions were paid).

II. *Possession of a Gambling Device Conviction*

In case number 2007-D-3344, the Petitioner was issued a misdemeanor citation on March 1, 2007, for the offense of possession of a gambling device, i.e., a "numbers ticket," in violation of Tennessee Code Annotated section 39-17-505. He entered a guilty plea to this charge on June 5, 2008. In exchange for his plea, he received a $50 fine and a one-day suspended sentence. The judgment form in the record is in accord with the plea petition paperwork.

Due to the Petitioner's constant and exasperating legal actions, we feel constrained to note that the Petitioner has already twice sought to remove the proceedings in case number 2007-D-3344 to federal court. However, he did so before exhausting all of his state remedies. See generally Tennessee v. Jessie D. McDonald, No. 3:07-0847, 2008

WL 413629 (M.D. Tenn. Feb. 12, 2008); Jessie D. McDonald v. Paul G. Summers, No. 3:07-0602, 2007 WL 1725262 (M.D. Tenn. June 12, 2007).

### III. *Coram Nobis Petitions*

Continuing to contest the validity of his 1974 conviction for obtaining property by false pretenses, the Petitioner filed a petition for a writ of error coram nobis in case number B-317 on March 20, 2017. He once more argued that he was "denied due process under the Fifth Amendment, by being convicted of a crime that was never charged in the indictment." Additionally, the Petitioner submitted that our supreme court's reinstatement of his conviction violated the Ex Post Facto Clause by "judicially enlarg[ing]" the statute of conviction. Moreover, he claimed that these revelations amounted to newly discovered evidence and that he was without fault in presenting these "grounds and facts" at his trial.

He also filed a petition seeking coram nobis relief on March 30, 2017, in case number 2007-D-3344, concerning his possession of a gambling device conviction. The Petitioner alleged as newly discovered evidence "that the [trial court] changed the original judgment of $25 fine and $25 cost, render[ing] the guilty plea unknowing and involuntary." He further stated that he was not aware of this due process violation until eight years' later.

The coram nobis court summarily dismissed both petitions in an extensive order filed on May 1, 2017, concluding that the petitions were untimely filed, that due process did not require tolling of the limitations period, that "the issues claimed" were not newly discovered evidence, and that a conviction entered pursuant to a guilty plea was ineligible for coram nobis relief. Moreover, the coram nobis court noted a plethora of additional pleadings attacking the 1974 conviction that had been filed in the trial court over the years, including multiple motions, petitions for habeas corpus relief, and a prior petition for coram nobis relief. The Petitioner, according to the coram nobis court, had also previously filed numerous pro se filings challenging his 2008 possession of a gambling device conviction—a motion to dismiss, which was denied after an evidentiary hearing; a "Petition for a Writ of Prohibition"; and a prior petition for a writ of error coram nobis, which was summarily dismissed for failure to state a cognizable claim.

Not surprisingly, this appeal followed.

### ANALYSIS

A writ of error coram nobis is an extraordinary remedy available only under very narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may

have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105; see State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The purpose of a writ of error coram nobis is to bring to the court's attention a previously unknown fact that, had it been known, may have resulted in a different judgment. State v. Vasques, 221 S.W.3d 514, 526-27 (Tenn. 2007). The decision to grant or deny the writ rests within the discretion of the coram nobis court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988).

A petition for writ of error coram nobis must be filed within one year of the date the judgment of the trial court becomes final. See Tenn. Code Ann. §§ 27-7-103, 40-26-105. The one-year limitations period may be tolled only when required by due process concerns. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001).

First, we reiterate the concerns expressed by this court in 1989. The Petitioner's preoccupation with having his 1974 conviction set aside amounts to misuse of legal process and imposes a significant burden on the judiciary. McDonald, 1989 WL 22697, at *1-2. Accordingly, we will dispense with the Petitioner's claims in summary fashion so as not to indulge his proclivity for trivial filings.

Here, the Petitioner contends that application of the one-year statute of limitations violates the Ex Post Facto Clause because there was no limitations period in 1973 when case number B-317 began. This is simply incorrect. The one-year statute of limitations has existed since 1858, and in 1955, the General Assembly extended the writ of error coram nobis and its attendant procedures to criminal proceedings. See Tenn. Code Ann. §§ 27-7-103, 40-26-105; Mixon, 983 S.W.2d at 669. In case number 2007-D-3344, the Petitioner claims that he filed his petition within one year of discovering the "altered" judgment form. However, the Petitioner provided no proof of any altered judgment form. Furthermore, the Petitioner makes no real allegations for due process tolling other than conclusory allegations, and the Petitioner's claims of newly discovered evidence are unconvincing. In addition, our supreme court held that "a guilty plea may not be collaterally attacked pursuant to the coram nobis statute." Frazier v. State, 495 S.W.3d 246, 248 (Tenn. 2016). We conclude that the coram nobis court did not err in summarily dismissing the petition.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the coram nobis court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE