[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10112

Non-Argument Calendar

_____

SONNY AUSTIN RAMDEO,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 9:18-cv-81452-KAM,
9:12-cr-80226-KAM-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Sonny Ramdeo, a federal prisoner proceeding with counsel, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his convictions and sentences. We granted a certificate of appealability ("COA") on one issue: whether the district court erred by imposing a limit on the number of claims that Ramdeo could raise in his second amended § 2255 motion.

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In reviewing the denial of a § 2255 motion, we review *de novo* questions of law and findings of fact for clear error. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). In an appeal brought by an unsuccessful § 2255 movant, review is limited to the issue specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-52 (11th Cir. 1998). We review for abuse of discretion a district court's use of its inherent power to impose filing restrictions. *See, e.g.*, *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1317 (11th Cir. 2021).

Access to the courts is a right of considerable constitutional significance. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). However, this right is not absolute or unconditional because

restrictions on access are necessary to preserve judicial resources for all other litigants. *Id.* Therefore, federal courts can protect their dockets from abusive litigators so long as the restrictions are a reasonable response to such abuse and access to the courts is not entirely foreclosed. *27th Ave. Caraf, Inc.*, 9 F.4th at 1317-18 (holding that the district court did not abuse its discretion by requiring court permission before an abusive Americans with Disabilities Act ("ADA") litigant could file an ADA complaint).

In *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (*en banc*), we held that the district court's injunction was overbroad and violated a prisoner's right to access courts because it barred him from filing any case in the district court without an attorney, which, given the facts of his case, effectively prevented him from filing any future suit. 792 F.2d at 1070-71. However, we held that injunctive restrictions were necessary and that the "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* at 1071, 1073. We noted that district courts must be careful to avoid impermissible restrictions on a prisoner's right to court access, but we provided a list of legitimate restraints, including limiting the number of filings by a particular inmate, requiring a filing fee for an inmate to bring other claims, and imposing page limits. *Id.* at 1072-73. We clarified that this list was not exhaustive and stated that the judiciary, with its "considerable discretion," must respond with imaginative new techniques to protect court access for all litigants, but it may not

completely foreclose a prisoner from "*any* access to the court." *Id.* at 1073-74. The Supreme Court, citing our opinion in *Procup*, imposed a filing restriction on a habeas petitioner. *In re McDonald*, 489 U.S. 180, 184 & n.8 (1989) (preventing petitioner from proceeding *in forma pauperis* in the future when seeking extraordinary writs from the Supreme Court).

Here, the district court did not abuse its discretion by limiting Ramdeo to 12 claims in his second amended § 2255 motion. First, the claim limit was within the district court's considerable discretion to impose because limiting Ramdeo to 12 claims did not completely foreclose him from any access to the court. Second, the restriction was reasonable in this case given Ramdeo's abusive litigation habits in his underlying criminal case and in the present case. In his criminal case, Ramdeo submitted nine motions to withdraw or otherwise set aside his guilty plea after the district court denied his initial motion to withdraw and found that he told blatant lies at an evidentiary hearing on the motion. In the present case, two magistrate judges noted Ramdeo's attempts to circumvent the page limit and one found that his noncompliance with local rules was a vexatious litigation tactic. Even after Ramdeo limited his motion to 12 claims, Judge Matthewman found that the "rambling, vague, speculative, and conclusory" motion presented meritless and frivolous claims that were "unnecessarily difficult and time-consuming" to address. Based on these concerns and Ramdeo's litigation habits in the underlying case that his § 2255 motion targeted, it was not an abuse of discretion for Judge Reid to limit

21-10112                Opinion of the Court                5

Ramdeo to 12 claims in his second amended § 2255 motion.  *See*
*27th Ave. Caraf, Inc.*, 9 F.4th at 1317.

   **AFFIRMED.**