James **CELLO–WHITNEY, Jr., Plaintiff,**

v.

Robert **HOOVER, et al., Defendants.**

No. C88–1548M.

United States District Court, W.D. Washington, at Seattle.

July 12, 1991.

James Cello–Whitney, Jr., pro se.

John Scott Blonien, Martin E. Wyckoff, Therese M. Wheaton, John Richard Christensen, Atty. General's Office, Corrections Div., Olympia, Wash., for defendants.

## ORDER DISMISSING ACTION AND ENJOINING FUTURE FILINGS

McGOVERN, District Judge.

The Court, having reviewed the defendants' motion to dismiss, plaintiff's motion to stay this action, defendants' motion to certify plaintiff's appeal as frivolous, plaintiff's motion to strike, the Report and Recommendation of Judge John L. Weinberg, United States Magistrate Judge, and the remaining record, does hereby find and order:

(1) The Court adopts the Report and Recommendation;

(2) Plaintiff's motions to stay this action (docket 117) and strike defendants' pleadings (docket 115) are DENIED;

(3) Defendants' motion to certify under 28 U.S.C. § 1915(a) that plaintiff's appeal is not taken in good faith is GRANTED. This order constitutes that certification;

(4) Defendants' motion to dismiss this action as frivolous is GRANTED. This court finds that in this case specifically, and more generally since 1983 Cello–Whitney has maintained a constant pattern of abuse of the jurisdiction of this court and of the privilege of proceeding at public expense under 28 U.S.C. § 1915, as noted in the Report and Recommendation. This action is therefore DISMISSED with prejudice;

(5) Plaintiff James Cello–Whitney is hereby enjoined from filing any future actions, whether at public expense or in forma pauperis, except in accordance with the following criteria;

(A) James Cello–Whitney is hereby limited to three *in forma pauperis* applications per calendar year. The United States District Court for the Western District of Washington will not consider more than three such applications in any calendar year. Any fourth or successive *in forma pauperis* application by Cello–Whitney will be automatically denied.

(B) In order to be granted leave to proceed *in forma pauperis* on any occasion the facts of the underlying claim must allege and demonstrate by affirmative evidence the existence of actual or threatened physical harm.

(C) In order to file any claim not otherwise allowed Cello–Whitney must submit the appropriate filing fee.

(D) Any complaint or petition submitted for filing, whether accompanied by the filing fee or the *in forma pauperis* application, will not be accepted for filing unless:

(i) Also accompanied by a complete explanation to the court's satisfaction that the claims presented have not been presented in any other action in any court;

(ii) All claims are solidly based on fact; and,

(iii) Cello–Whitney has articulated his intent and ability to produce evidence to support his claim.

(6) The Clerk is directed to forward any future complaints or petitions submitted to the United States District Court for the Western District of Washington by Cello–Whitney to the appropriate Magistrate Judge for a recommendation regarding compliance with terms of this order.

## REPORT AND RECOMMENDATION

JOHN L. WEINBERG, United States Magistrate.

Plaintiff filed this civil rights action claiming abuse of his rights by prison staff. Defendants move to dismiss this action as frivolous under 28 U.S.C. § 1915(d). With that motion defendants also ask this court to severely limit plaintiff's right to initiate further actions *in forma pauperis* under 28 U.S.C. § 1915. Cello–Whitney moves to strike defendants' motion and stay all proceedings in this action pending his appeal of orders granting the same motion filed in unrelated cases.

On December 12, 1990 plaintiff's motion for voluntary dismissal was stricken because plaintiff did not provide proof of service as required by the local rules. Plaintiff has appealed that order. Defendants now move this court to certify under 28 U.S.C. § 1915(a) that plaintiff's appeal is not taken in good faith.

I recommend the court:

(1) Grant defendants' motion and certify that plaintiff's appeal is not taken in good faith,

(2) Grant defendants' motion to dismiss this action as frivolous, and

(3) Enter an order enjoining future filings by Cello–Whitney.

**1158**

## DISCUSSION

### Plaintiff's frivolous and malicious actions

■ Under 28 U.S.C. § 1915(d) the court may dismiss any action filed *in forma pauperis* "...if satisfied that the action is frivolous or malicious." In addition, this court has inherent power to regulate the extent to which abusive litigants can access the courts. *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990). "Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take." *Id.*

■ Generally, such enjoining orders must balance the litigant's right to meaningful access to the courts against the court's need to be free of abusive tactics. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.1984). In this circuit *DeLong* sets the standard for all such enjoining orders. Specifically, the enjoining order must:

(1) Give the vexatious litigant adequate notice to oppose the order before entry;

(2) Present an adequate record for review by listing the case filings which support the order;

(3) Include a substantive finding as to the frivolous or vexatious nature of the litigant's filings; and,

(4) Be narrowly tailored to remedy only the plaintiff's particular abuses.

The court should dismiss this action because it was filed for an improper purpose. This action originally alleged simply enough that plaintiff was physically assaulted and battered by prison guards. But despite the passage of over two years since the claim was filed plaintiff has done nothing to prosecute his claim. Instead the file is replete with allegations of harassment, motions and filings irrelevant to the underlying claim, and discovery arguments.

■ Plaintiff's conduct and prosecution of this action follows a pattern now very familiar to this court, as well as most other state and federal courts in Washington.

Court records show that since 1983 plaintiff has filed over 50 actions in the federal courts for the eastern and western districts of Washington. The records of the Washington State Attorney General list 87 actions in the state and federal courts. Plaintiff claims to have prosecuted 91 actions in the various courts since 1983. See C88–1548M at docket 14.

In particular, the U.S. District Courts at Seattle, at Tacoma and at Spokane have all previously noted plaintiff's tactics and dismissed actions based upon his malicious and vexatious techniques:

"Since commencing this action, the plaintiff has exhibited what can only be described as profoundly litigious tendencies. In the span of only 17 months, the plaintiff has filed over 90 motions for the court's consideration, most of which being of only tangential relationship to the case at bar. Even a cursory examination of these submissions shows that virtually every one of them is a mere photocopy of an identical motion or paper which obviously has been submitted either previously or simultaneously in other cases. The Plaintiff in fact admits by his own count as of April 4, 1989, he had, to date, commenced no less than 114 separate actions in various state and federal jurisdictions, of which 23 are still pending today. Copies of certain letters of correspondence which are attached as Exhibits A through E to defendants' memorandum in support of a motion to dismiss set forth explicitly in plaintiff's own hand what is already the obvious purpose of these activities." *Whitney v. Kincheloe, et al.*, No. C87–704AAM, Order of June 7, 1989, (E.D.Wa.).

The court thereafter reviews the numerous manipulative practices Cello–Whitney engages in to seek favored treatment unrelated to his legal cause. These tactics have also been noted by the district court in Tacoma:

"...plaintiff has on more than one occasion, in connected litigation, declared that his express reason for his many current actions is to force the State of Washington to deal with him on his own terms."

*Cello–Whitney v. Dixon*, No. C87–711T, (W.D.Wa.).

On October 27, 1988 this court entered an enjoining order against future filings by plaintiff which specifically found that plaintiff lied about the existence of other actions when completing the court's § 1983 form. *Cello–Whitney v. King*, No. C88–1199Z, (W.D.Wa.).

Plaintiff has not attempted to deny his vexatious tactics or malicious purpose in pursuing his abundant litigation. Indeed the record now before the court is replete with exhibits evidencing plaintiff's unabashed expression of intent to be costly and burdensome by wasting public resources on meritless actions:

"[T]here is nothing to do, except file lawsuits. I'm sending you a list. If you people continue to fuck with me I'll simply double it. I have 8" files full of grievances waiting to be turned into lawsuits and at the rate of 2 or 3 per day it could get costly ..." Attachment 5 to affidavit of Teresa Williams, docket 81. "You also need to know that I am costing Arizona $1100.00 to $1600.00 per month over and above what you are paying for this burden [boarding Cello–Whitney in Arizona]. The Arizona taxpayers are evidently absorbing these costs. I intend to continue being as costly as possible since I am apparently not responsible to repay any expenditures. I did not request to come here and my every convenience will be met and I personally do not give a fuck who is footing the bill ... If you don't want me then perhaps you would do well to seek my release and be done with it. I have nothing better to do than sit in this cell 24 hours a day spending money. In any event I shall continue in my endeavors until something better comes along." Attachment 9 to affidavit of Teresa Williams, docket 81.

Plaintiff has no reluctance to threaten the people he chooses to name as defendants. He has sent plastic bags filled with unidentified liquid and hairs through the mail accompanied by death threats written in latin. Attachment 4 to affidavit of Tere-

sa Williams. On another occasion he queries the assistant warden of the Arizona prison:

"What will you do when he [Cello–Whitney] starts ordering people killed, abducted and your authority taken over ... You have fucked with him and with everyone. One phone call and everyone is going to be eliminated for all time. I'm sure your in this shit and if I prove it you'll die like a dog, a bitch dog! I will just order you dead and not give it a second thought. Ex. 9 to docket 81.

While incarcerated in Arizona Cello–Whitney complained he had no access to Washington legal materials. The state provided him with microfilmed legal materials and a microfiche reader. He destroyed the reader by putting his fist through it and destroyed the film with his teeth. Exs. 7 and 11 to docket 81.

The extent and relevance of the evidence put before the court in support of defendants' motion conclusively demonstrates plaintiff's malicious misuse of judicial process and the *in forma pauperis* privilege. He initiates actions on statements of fact barely sufficient to state a claim, then proceeds to impose burdens and costs to reach state officials not otherwise available to him. He uses the action to exercise leverage to bargain for treatment unrelated to his claims and not otherwise available.

This court's October 27, 1988 order enjoining future filings did not afford Cello–Whitney an opportunity to oppose to order prior to its entry. It is therefore necessary to enter a new enjoining order.

An order enjoining future access to the courts "must be narrowly tailored to closely fit the specific vice encountered." *De-Long*, 912 F.2d at 1148. "Used too freely or couched in overly broad terms, injunctions against future litigation may block free access to the courts." *Id.;* quoting *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983), *cert. denied* 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984).

But this court also has the inherent power to restrict a litigant's ability to com-

mence abusive litigation *in forma pauperis*. *In re McDonald,* 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); *Visser v. Supreme Court,* 919 F.2d 113, 114 (9th Cir.1990).

This is not a case in which a plaintiff has vexatiously attempted to relitigate issues already decided. *DeLong,* supra; *Moy v. U.S.,* 906 F.2d 467 (9th Cir.1990). It will not therefore be a sufficient sanction that Cello–Whitney be enjoined from bringing certain claims. Nor is this a case in which a litigant abuses a specific process, such as the extraordinary writ. *Demos v. United States District Court,* 925 F.2d 1160 (9th Cir.1991). Cello–Whitney has abused the *in forma pauperis* privilege in actions filed under 28 U.S.C. § 2254 and civil rights actions under 42 U.S.C. § 1983.

Cello–Whitney's vice is that he files actions and motions in bulk purely for the purpose of putting the state to the cost and burden of defending and responding. His stated goal is to punish the state for putting him in prison. Cello–Whitney since 1983 has demonstrated a profoundly complete abuse of the judicial process and the *in forma pauperis* statute. The record of his litigation tactics demonstrates a willingness to say and do whatever is necessary to achieve his malicious purpose without regard to the truth or the public costs of the abuse he wreaks upon the judicial process.

In order to be effective, the enjoining order must impose a remedy equally broad. I therefore recommend the court enter an order restricting Cello–Whitney's future access to this court by establishing the following criteria and procedure for acceptance of any document submitted for filing:

(1) Cello–Whitney is hereby limited to three *in forma pauperis* applications per calendar year. The United States District Court for the Western District of Washington will not consider more than three such applications in any calendar year. Any fourth or successive application by Cello–Whitney to proceed *in forma pauperis* will be automatically denied.

(2) In order to be granted leave to proceed *in forma pauperis* on any occasion the facts of the underlying claim must allege and demonstrate by affirmative evidence the existence of actual or threatened physical harm.

(3) In order to file any claim not otherwise allowed Cello–Whitney must submit the appropriate filing fee.

(4) Complaints or petitions submitted, whether accompanied by the filing fee or the *in forma pauperis* application, will not be accepted for filing unless:

(a) Also accompanied by a complete explanation to the court's satisfaction that the claims presented have not been presented in any other action in any court;

(b) All claims are based on facts; and,

(c) Cello–Whitney has articulated his intent and ability to produce evidence to support his claims.

### Plaintiff's frivolous appeal

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a). Good faith is judged objectively, and an appeal is taken in good faith when it seeks review of a claim which is not frivolous. *Coppedge v. United States,* 369 U.S. 438, 446, 82 S.Ct. 917, 921–22, 8 L.Ed.2d 21 (1962). Plaintiff's appeal of this court's December 12, 1990 order is frivolous. The motion stricken by that order was not accompanied by proof of service on or before the noting date as required by the local rules of this court. Thus, there is no arguable legal basis for the appeal of the court's decision.

Additionally, plaintiff was not prejudiced by the order appealed from since it did not reach the merits. In order to warrant a ruling on the merits of his motion plaintiff had only to file the required proof of service and renote his motion. This appeal is but another example of plaintiff's willingness to squander public resources by pursuing frivolous claims at public expense.

I therefore recommend the district court certify under 28 U.S.C. § 1915(a) that plaintiff's appeal of this court's December 12, 1990 order (docket 104) is not taken in good faith.

This Report and Recommendation is noted on the court's calendar for May 24, 1991. Plaintiff shall have until that date to oppose entry of this order by the district court. Any objection must be filed on or before that date.