United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30477
Summary Calendar

JIM F. BLACKWELL,

Plaintiff-Appellant,

versus

RAMA KAKANI,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
No. 5:03-CV-2038
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jim Blackwell appeals a summary judgment in his suit filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Blackwell alleges that Rama Kakani, a doctor at the Overton Brooks Veterans Administration ("VA") Medical Center, discriminated against him by discontinuing prescription medications on the basis of Blackwell's age and disability.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a summary judgment <u>de novo</u>. <u>Guillory v. Domtar Indus., Inc.</u>, 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is appropriate where, considering all the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

After reviewing the briefs and the record, including Blackwell's evidence submitted in opposition to summary judgment, we conclude that the district court did not err. The evidence that Blackwell cites does not suffice to raise a genuine issue of material fact. <u>See</u> <u>Little</u>, 37 F.3d at 1075. We also affirm the sanction precluding Blackwell from filing further lawsuits unless he first pays the filing fee. <u>See</u> <u>In re McDonald</u>, 489 U.S. 180 (1989).

AFFIRMED.