Issued Jan 30
2009
Affirmed w/Modifications
by 2011 VT 10
(2/4/11)

**STATE OF VERMONT**
**RUTLAND COUNTY**

ROBERT ZORN            )
                       )        **Rutland Superior Court**
v.                     )        **Docket No. 571-9-00 Rdcv**
                       )
S. SCOTT SMITH         )

**DECISION**
**Rule 11 Sanctions**

Final judgment was entered in favor of plaintiff Robert Zorn on August 17, 2001. Since then, Mr. Zorn, representing himself, has attempted to enforce the judgment by various means, including motions filed with this court. Several of the motions contained factual allegations that do not appear to have evidentiary support, including allegations of organized crime and conspiracy on the part of defendant Scott Smith and members of the State of Vermont Judiciary. Other motions, such as a motion for summary judgment filed nearly 7 years after the entry of final judgment, were not warranted by any Rule of Civil Procedure.

On January 16, 2009, this court issued a Notice of Conduct and Order to Show Cause describing the conduct in more detail, and requesting Mr. Zorn to show cause why he should not be sanctioned under Vermont Rule of Civil Procedure 11 for the repetitive filing of unwarranted motions containing factual allegations that appeared to lack evidentiary support. Mr. Zorn was offered the opportunity to respond by filing a written statement of not more than five pages in length.

Mr. Zorn filed a written response on January 21, 2009. The response primarily restates allegations of "extortion," "racketeering," and a "fully orchestrated conspiracy" between defendant Smith and various members of the Judiciary, including judges and court clerks. The general thrust of the allegations is that the Judiciary is conspiring with Mr. Smith to thwart Mr. Zorn's attempts at enforcement of the judgment. As with the similar allegations contained in previous motions and described in the Notice of Conduct, the factual allegations of conspiracy are not supported by evidence.

Mr. Zorn also reiterates frustration that the court will not enforce an arrest warrant issued against Mr. Smith in April 2002 for failure to attend a post-judgment discovery hearing. The warrant was vacated on April 16, 2002 for lack of notice, and no further warrants were ever issued. Thus, the arrest warrant has been void for more than 6½ years; it does not provide a basis for the arrest of Mr. Smith.

Finally, Mr. Zorn's response contains photocopies of a variety of legal materials, including materials discussing claims of conspiracy between private citizens and state actors under 42 U.S.C. § 1983, dictionary definitions of legal terms, one page from the syllabus of a United States Supreme Court opinion discussing sovereign immunity, a copy of a summary order from the Second Circuit affirming dismissal of an action filed by Mr. Zorn against members of the Judiciary and the Rutland Superior Court, and a copy of the mandate from a

1

different federal appeal. The basis for the inclusion of these materials in response to the Notice of Conduct and Order to Show Cause is not apparent to the court.

In sum, the response continues to pursue allegations of conspiracy that do not have evidentiary support. Moreover, the response does not offer an explanation for the behavior that prompted the Notice of Conduct and Order to Show Cause, show that the motions identified in the Notice of Conduct were warranted under any procedural rule, or show an evidentiary basis for any of the factual allegations set forth in the identified motions.

It is the responsibility of this court to ensure that its resources are allocated in a way that promotes the interests of justice for all litigants. *In re McDonald*, 489 U.S. 180, 184 (1989). This responsibility is not promoted by allowing the continued filing, and requisite processing, of repetitive and unwarranted motions containing unsupported factual allegations. For these reasons, the court concludes that the conduct described in the Notice of Conduct constitutes a violation of V.R.C.P. 11(b)(2) and (b)(3), and that sanctions are appropriate.

Vermont Rule of Civil Procedure 11(c) authorizes the court to impose sanctions that are "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." In determining the appropriate sanction in this case, the court has considered the need to deter future repetitive and unwarranted filings by Mr. Zorn, while preserving Mr. Zorn's ability to access the courts.

Based on these considerations, the court concludes that the appropriate sanction is to order the Clerk of this Court to refuse to accept for filing any future pleading, petition, complaint, motion, letter, or other document from Mr. Zorn unless signed by an attorney licensed to practice in the State of Vermont in accordance with Rule 11. This sanction will help to ensure prospective compliance with the requirements of Rule 11(b) and deter repetitive filings, while permitting Mr. Zorn continued access to the courts. See *Jackson v. Florida Dep't of Corrections*, 790 So.2d 398 (Fla. 2001) (imposing similar sanction, and explaining that sanction was necessary to deter future misconduct and preserve resources of courts).

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

That the Clerk of the Rutland Superior Court shall refuse to accept for filing any pleading, petition, complaint, motion, letter, or other document from Mr. Zorn unless signed by an attorney licensed to practice in the State of Vermont.

Dated at Chelsea, Vermont this 29th day of January, 2009.

Hon. Mary Miles Teachout
Superior Court Judge

2