

# STATE OF VERMONT
## WINDSOR COUNTY

ROBERT ZORN,
    Plaintiff,

v.

MARY RYAN,
ESTATE OF THOMAS RYAN,
and JAMES BROWN,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)

**Windsor Superior Court**
**Docket No. 327-7-05 Wrcv**

## NOTICE OF CONDUCT
## and
## ORDER TO SHOW CAUSE

Plaintiff Robert Zorn is a pro se litigant. On June 7, 2006, this Court dismissed Mr. Zorn's claims against Defendants because (1) Mr. Zorn's pleadings and motions could not be understood sufficiently for adjudication, and (2) to the extent they could be understood, it appeared that the claims had been pursued in federal court. Since that date, Mr. Zorn has "filed" numerous post-judgment motions that disregard the prior dismissal of the case, including the most recent "motion for a writ of attachment."

As set forth below, these repetitive post-judgment motions appear to violate Rule 11(b) of the Vermont Rules of Civil Procedure. This notice describes the specific conduct that appears to be in violation of the Rule, and provides for Mr. Zorn to respond in accordance with the procedure set forth in Rule 11.

The specific conduct is as follows. Mr. Zorn has repeatedly "filed" numerous post-judgment motions that disregard the prior dismissal of the case. The court has interpreted these documents variously as Plaintiff's Motion for a More Definite Statement (#21), filed January 23, 2007; Motion for a More Definite Statement (#23), filed February 13, 2007; Motion in Opposition to Entry Order (#24), filed April 2, 2007; Motion to Reopen Case (#25), filed April 4, 2007; Motion for Stay of Case to Reopen (#26), filed April 4, 2007; Motion for Discovery (#27), filed April 9, 2007; Motion for Jury Hearing (#28), filed April 9, 2007; Motion to Reopen (#29), filed April 30, 2007; Motion to Reconsider Motions 24–28 (#30), filed May 11, 2007; and, most recently, a Motion for a Writ of Attachment (#32), filed November 7, 2007.

All of these repetitive motions were denied because they could not be understood sufficiently to permit adjudication. To the extent that the motions could be understood, they were not consistent with the procedural posture of the case, which had previously been dismissed. Rule 60 of the Vermont Rules of Civil Procedure provides the appropriate avenue through which a litigant may petition the Court for relief from a final

CONFORMED COPY



**Windsor County Clerk**

judgment. To the extent that the motions could be understood, the motions have not explained why relief should be afforded under Rule 60.

Mr. Zorn's repetitive filing of post-judgment motions in disregard of the prior dismissal of this case appears to violate Rule 11(b), which prohibits pro se litigants from submitting to the courts any pleadings, motions, or other papers that are not warranted by existing law or by a non-frivolous argument for the modification of the law. The relevant text of Rule 11(b) is as follows:

> (b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . . .

Continued filing of repetitive, inappropriate motions will hamper the court's ability to review, in a timely manner, the filings submitted by other litigants who have not abused the legal process. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989). Part of the Court's responsibility is to ensure that its resources are allocated in a way that promotes the interests of justice for all litigants. It does not promote the interests of justice to expend resources on repetitive post-judgment motions that disregard the prior dismissal of a case.

Rule 11(c)(1)(B) provides Mr. Zorn with an opportunity to show cause in writing why the conduct described above does not violate the Rule and warrant sanctions as a result. Mr. Zorn may respond by filing a written statement of not more than five pages in length with the Court Clerk on within 15 days. This written statement should explain why Mr. Zorn has continued to file motions in this case even though it has previously been dismissed, why his conduct does not violate Rule 11(b), and why the court should not impose sanctions to deter the continuation of conduct in violation of the rule.

Dated this 21st day of March, 2008.

<span style="margin-left:2em">Mary Miles Teachout</span>
Hon. Mary Miles Teachout
Superior Court Judge

CONFORMED COPY