FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: EDSON G. GARDNER,

　　　　Plaintiff – Appellant.

No. 23-4155
(D.C. No. 2:23-RF-00186)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Plaintiff Edson Gardner sought to remove to the district court a Utah state criminal proceeding.  The district court, acting pursuant to filing restrictions that were imposed on Gardner in 2015, reviewed Gardner's proposed notice of removal and related materials that Gardner submitted for filing, concluded that it would lack subject matter jurisdiction over Gardner's proposed notice of removal, and consequently ordered Gardner's proposed notice of removal and related materials returned to him unfiled.  Gardner now appeals from the district court's decision. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the decision of the district court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Gardner has a documented history of filing frivolous actions in the United States District Court for the District of Utah.  Enough so that on March 23, 2015, a judge in the District of Utah who was assigned one of Gardner's cases entered an order imposing filing restrictions on Gardner.  *See In re Edson Gardner*, Case No. 2:15-mc-00047, Doc. Nos. 1 & 2.  The order stated, in relevant part:

(1) The Clerk of the Court will collect any new civil complaint filed by Mr. Gardner in this [c]ourt and forward it to a magistrate judge for review.
(2) The magistrate judge will then review the complaint to determine whether it has merit and should be filed, or whether it lacks merit, duplicates prior filings, or is frivolous.
(3) If the magistrate judge determines the complaint lacks merit, duplicates prior filings, or is frivolous, the magistrate judge will forward the complaint to the Chief District Judge for further review.
(4) If on review the Chief District Judge determines the complaint has merit, the complaint will be filed.

*Id.*, Doc No. 2.  Gardner did not appeal the order imposing the filing restrictions.

More recently, on March 16, 2023, Gardner initiated the instant proceedings by attempting to file in the district court what he characterized as a notice of removal. In that pleading, Gardner alleged that he was a "Uintah Indian in [the] State of Utah within Uintah County."  ROA, Vol. I at 4.  Gardner further alleged that he had "commenced" an "action in the Supreme Court of Utah . . . on February 22, 2023, and March 3, 2023."  *Id.*  He also alleged that he "filed [a] Petition for Writ of Certiorari in the supreme court of Utah" that was "denied [on] January 31, 2023."  *Id.* Gardner attached to his pleading copies of letters he received from the Clerk of the Supreme Court of Utah notifying him that (a) on January 31, 2023, the Supreme

2

Court of Utah denied a petition for writ of certiorari that he filed on November 30, 2022, (b) the Supreme Court of Utah does not accept petitions for rehearing or requests for reconsideration, and (c) the Supreme Court of Utah lacked authority to take any action on a second petition for writ of certiorari that he filed in the same matter.

The clerk of the district court, acting pursuant to the filing restrictions previously imposed on Gardner, assigned Gardner's proposed notice of removal to a magistrate judge for initial review. On March 20, 2023, the magistrate judge issued an order titled "RESTRICTED FILER CASE REVIEW ORDER." ROA, Vol. II at 4. The magistrate judge determined that Gardner was attempting to "remov[e] a state court criminal proceeding which ha[d] been fully adjudicated." *Id*. at 5. The magistrate judge noted in support that, "[b]ased on the records provided by . . . Gardner and the criminal case docket, [Gardner] was convicted at trial, his appeal was summarily denied by the Utah Court of Appeals for lack of jurisdiction, and his petition for certiorari was denied by the Utah Supreme Court." *Id*. The magistrate judge concluded that "Gardner's notice of removal [wa]s frivolous" and that the district court "lack[ed] subject-matter jurisdiction over the action" that Gardner was "seek[ing] to remove to federal court." *Id*. The magistrate judge explained that, although Gardner "relie[d] on 28 U.S.C. § 1441 as the jurisdictional basis for removal," that statute "only permits removal of 'civil action[s] brought in a State court of which the district courts of the United States have original jurisdiction.'" *Id*. at 6 (quoting 28 U.S.C. § 1441(a). Because Gardner was seeking to remove "a

3

criminal action brought in state court," the magistrate judge concluded that "§ 1441 [wa]s wholly inapplicable." *Id*. The magistrate judge also noted that "under the *Rooker-Feldman* doctrine, the [district] court lack[ed] jurisdiction over any attempt" by Gardner "to challenge a final state court judgment." *Id*. Ultimately, the magistrate judge "forward[ed] . . . Gardner's notice of removal and related submissions to the Chief District Judge for review" and recommended that the "notice of removal . . . not be accepted for filing and should be returned to him unfiled." *Id*. at 8.

Gardner filed a number of pleadings in response to the magistrate judge's order. This included a brief in opposition to the magistrate judge's order, in which Gardner argued that the district court "ha[d] subject matter jurisdiction over the claims" pursuant to "28 U.S.C. [§] 1331" and in turn had authority to "enjoin[] the State's attempt to relitigate Reservation boundaries in State Court proceedings." *Id*. at 10, 11. Gardner also filed a motion for leave to file a supplemental brief regarding the impact of the Supreme Court's decision in *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486 (2022) "on construing the meaning of [his] Uinta[h] Indian Treaty." *Id*. at 20. In addition, Gardner filed a motion for leave to file a supplemental motion for immediate release from the district court's classification of him as a restricted filer.

On November 27, 2023, the district court issued an order adopting the magistrate judge's order and recommendation and denying Gardner's motions for leave to file supplemental briefing. The district court noted in its order that it "entirely CONCUR[RED] with" the magistrate judge's analysis, "finding that

4

regardless of [Gardner's] restricted filer status, the court would lack subject matter jurisdiction." *Id*. at 30–31. The district court further noted that "because . . . Gardner [wa]s a restricted file[r]," the "materials he . . . submitted in th[e] matter" would "be returned to him unfiled" and "[a]ny filing fee associated with [his] filing" would "be returned to the payor." *Id*. at 31.

On December 8, 2023, Gardner filed what he characterized as a "NOTICE OF APPEAL ON WRIT OF MANDAMUS." *Id*. at 34. In the body of that pleading, Gardner "move[d] th[e] Court for an Order suppressing evidence related to his charges in . . . Uintah County." *Id*. at 35. Gardner also alleged "Discrimination and prejudice against" him resulting from the restricted filer procedures previously imposed by the district court. *Id*.

On December 20, 2023, Gardner filed another pleading titled "NOTICE OF APPEAL ON WRIT OF MANDAMUS," in which he referred to the district court's November 27, 2023 order adopting the report and recommendation of the magistrate judge. *Id*. at 38. The district court clerk's office treated that as a notice of appeal and transmitted it to this court for docketing.

II

In his opening brief, Gardner asks us to vacate the district court's decision refusing to accept for filing his proposed notice of removal. Gardner argues that "[t]he district court had jurisdiction over [his] claims pursuant to 28 U.S.C. [§§] 1331 and 1367." Aplt. Br. at 2. Gardner also purports to "appeal[] the district court's imposition of filing restrictions" on him. *Id*.

We begin with the filing restrictions that were imposed on Gardner. As we have noted, Gardner never appealed from the order that was entered on March 23, 2015 imposing the filing restrictions on him. To the extent Gardner is attempting to collaterally challenge the March 23, 2015 order in this appeal, we lack jurisdiction to consider the merits of that prior order. *See Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 799 (10th Cir. 2012) (holding that a previously imposed order restricting an inmate's ability to file lawsuits "generally may not be collaterally attacked at the time of its enforcement"). We would nevertheless remind Gardner that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). To that end, a district court has the inherent power under 28 U.S.C. § 1651 to impose filing restrictions when a party has "engaged in a pattern of litigation activity which is manifestly abusive," *Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir. 1989), particularly when such filings have strained the resources of the court. *See In re McDonald*, 489 U.S. 180, 184 (1989).

Turning to the district court's refusal to accept for filing Gardner's proposed notice of removal, we review that decision for an abuse of discretion. *Stine*, 465 F. App'x at 800. Gardner's proposed notice of removal, as the magistrate judge noted, effectively sought to remove to federal court a Utah state criminal proceeding against Gardner. As best we can tell, Gardner's purpose in doing so was to challenge his Utah state conviction on the basis of the Supreme Court's recent decision in *Castro-Huerta*, with Gardner presumably arguing that the Utah state courts lacked jurisdiction over him.

Section 1455 of Title 28 outlines the procedure for the removal of criminal prosecutions from state courts. To begin with, the prosecution must be "pending" at the time the notice of removal is filed in federal district court. 28 U.S.C. § 1455(a). Further, the notice of removal must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown" the federal district court "may enter an order granting the defendant . . . leave to file the notice at a later time." *Id.* § 1455(b)(1). The notice of removal must also "include all grounds for such removal," and "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." *Id.* § 1455(b)(2).

Gardner's proposed notice of removal failed to satisfy these requirements. Most notably, Gardner's proposed notice of removal was filed well after he was convicted at trial. In fact, the record on appeal indicates that Gardner did not file his notice of removal until after the Utah Supreme Court denied his petition for writ of

certiorari.  Nothing in § 1455 indicates that removal would have been proper at that stage of the state criminal proceedings.

For these reasons, we agree with the district court that it lacked jurisdiction over the matter and that, had it accepted Gardner's proposed notice of removal for filing, it would have been obligated to remand the matter to state court.[1]  We therefore conclude there was no abuse of discretion on the part of the district court in refusing to accept Gardner's proposed notice of removal for filing.

III

The decision of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] We note that had the district court accepted Gardner's notice of removal for filing and then remanded the case "to the State court from which it was removed," that decision would "not [have been] reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).